Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOWARD SIMON,<br><br>Plaintiff,<br><br>-vs-<br><br>U.S. BANK NATIONAL ASSOCIATION; TRANS UNION LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No.:** 2:19-cv-02103-RSWL<br><br>**JOINT RULE 26(F) REPORT**<br><br>**(F.R.C.P. 26 AND L.R. 26-1)**<br><br>**DATE: MAY 28, 2019**<br>**TIME: 10:00 A.M.** |

Pursuant to Rule 26(f) and the Court's Order Setting Scheduling Conference, Plaintiff HOWARD SIMON ("Plaintiff") and Defendants, U.S. BANK NATIONAL ASSOCIATION ("U.S. Bank"), TRANS UNION LLC ("TransUnion"), Equifax Inc. ("Equifax"), and Experian Information Solutions, Inc. ("Experian"), hereby submit their Joint Rule 26(f) Conference Report after having met and conferred on the issues contemplated in Rule 26(f) and the Court's Order. Defendants TransUnion, U.S. Bank., and Equifax have settled as noted in the contemporaneously filed stipulation of settlement and thus have not otherwise participated in this report.

### a. Statement of the Case

<u>Plaintiff:</u> Plaintiff alleges that Defendant U.S. Bank reported inaccurate and derogatory information on his credit report relating to an improper charge that was assessed against him by U.S. Bank but then reversed. Despite reversing the charge, U.S. Bank refused to update its credit reporting regarding the now unowed debt. Plaintiff disputed the reporting pursuant to 15 U.S.C. § 1681 s-2b to all Defendants, but Defendants did not reasonably investigate and correct the inaccurate reporting. By failing to do so, Defendant U.S. Bank has violated the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. C. § 1785.25(a), and the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 s-2b. Additionally, Defendant Experian has violated CCRAA, Cal. Civ. C. § 1785.16 and FCRA, 15 U.S.C § 1681li.

<u>Defendant Experian:</u>

This is a credit reporting case under the federal Fair Credit Reporting Act ("FCRA"). Experian is a "consumer reporting agency" as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit

information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require consumer reporting agencies like Experian to maintain error-free credit reporting. Rather, the FCRA requires consumer reporting agencies to maintain and follow reasonable procedures to assure the maximum possible accuracy of the information they report on consumers. Additionally, the FCRA requires consumer reporting agencies to timely reinvestigate if a consumer disputes information on his or her credit report.

In the instant case, Experian maintained and followed reasonable procedures to ensure the maximum possible accuracy of the information on Plaintiff's credit reports. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff and did not act negligently. Therefore, Experian has no liability in this case. Experian further denies it was the proximate cause of any damages alleged by Plaintiff.

**b.    Subject Matter Jurisdiction**

The Court has original jurisdiction under 28 U.S.C. § 1331 because it involves a federal question arising under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq.

**c.    Legal Issues**

Plaintiff: Whether Defendant Experian failed to reasonably reinvestigate in response to Plaintiff's credit reporting dispute in violation of CCRAA and FCRA.

Defendant:

Experian:  The primary legal issues are (1) whether Experian maintained and followed reasonable procedures to assure the maximum possible accuracy of the information on Plaintiff's credit reports, which Experian maintains it did; (2) whether Experian conducted reasonable reinvestigations of the disputed accounts based on the information submitted by Plaintiff, which Experian maintains it did; and thus, (3) whether Plaintiff's damages, if any, can be attributed to Experian.

**d. Parties, Evidence, etc.**:

<u>Plaintiff</u>: Plaintiff identifies himself and each Defendants' Person Most Knowledgeable regarding Defendant's practices of reporting debts, verifying debts, and investigating credit disputes, U.S. Bank's policy regarding reversing charges, as well as Defendants' policies and procedures regarding compliance with the FCRA and CCRAA. Key documents include: documentation regarding each Defendants' policies and practices for reporting debts and investigating debts, Defendants' policies and procedures for credit reporting and investigating credit reporting, and Plaintiff's account notes.

<u>Defendant</u>:

<u>Experian</u>:

Experian identifies Plaintiff as a likely witness. Experian also identifies an unknown representative of U.S. Bank who is believed to have knowledge and information relevant to the account at issue in this case and communications between Plaintiff and U.S. Bank regarding the account at issue.

Experian also identifies Anna Simmons, one of Experian's Senior Legal and Compliance Specialist, who will have knowledge of Plaintiff's contacts with Experian, Experian consumer files, and Experian's consumer assistance and reinvestigation procedures.

Experian further identifies the non-privileged, non-confidential documents currently in the possession, custody or control of Experian that it may use to support its claims or defenses, include the Experian consumer disclosures for Plaintiff, any correspondence between Experian and Plaintiff, and any records regarding Experian's reinvestigation of items on Plaintiff's consumer report, and also the non-privileged documents in the possession, custody or control of Plaintiff that Experian may obtain during discovery.

**e. Damages**

<u>Plaintiff</u>: Pursuant to Cal. Civ. Code § 1785.25(a), Plaintiff seeks the greater of $5,000 in statutory damages or actual damages for violation of the California

Consumer Credit Reporting Agencies Act. Pursuant to 15 U.S.C. § 1681n & o, Plaintiff seeks the greater of actual damages or $1,000 in statutory damages for violations of FCRA. Plaintiff contends that as a result of this derogatory reporting, he was unable to secure adequate HELOC funding he needed.

Defendant:

Experian: Experian does not believe that Plaintiff can establish any damages as the result of any alleged conduct by Experian. Further, Experian does not allege any damages at this time but reserves the right to do so.

**f.    Insurance**

Plaintiff has no relevant insurance.

Defendant:

Experian: Based on Experian's present insurance and applicable deductibles, no insurance carrier would be liable to satisfy part or all of any likely judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy any likely judgment.

**g.    Motions**

Plaintiff does not anticipate any motions to add claims or parties, amend the pleadings or transfer venue. Defendant Experian may file a dispositive motion in this case depending on the information obtained during discovery.

**h.    Manual for Complex Litigation**

This matter is not complex.

**i.    Status of Discovery**

Defendants and Plaintiff have not yet initiated formal discovery. However, the parties have engaged in the informal exchange of information and documents.

**j.    Discovery Plan**

The parties do not believe that discovery should be conducted in phases or limited except as provided by the Federal Rules of Civil Procedure.

Plaintiff: Plaintiff's written discovery will consist of interrogatories, requests for production, and requests for admissions. Plaintiff needs discovery on the

following subjects: Defendant's practices of reporting debts, verifying debts, and investigating credit disputes, as well as Defendants' policies and procedures regarding compliance with the FCRA and CCRAA. Plaintiff also intends to depose the Defendants' PMKs.

Defendant:

Experian: Discovery is needed as to liability and damages. Experian anticipates propounding written discovery and taking depositions of the plaintiff and any witness identified by plaintiff as having knowledge of the facts of the case. Experian suggests a limitation on Requests for Production of Documents to fifty (50) requests and a limitation on depositions to five (5) depositions per party.

Experian further anticipates the filing of a Stipulated Protective Order. The parties will submit a stipulated protective order for consideration and entry by the Court.

**k.**  **Discovery Cut-off**

The parties propose a non-expert discovery cut-off date of October 4, 2019.

**l.**  **Expert Discovery**

The parties propose October 18, 2019, as the initial expert disclosure deadline, November 15, 2019, as the rebuttal expert disclosure deadline, and December 20, 2019, as the expert discovery cut-off date.

**m.**  **Dispositive Motions**

At this time, Plaintiff does not anticipate filing any dispositive motions but reserves the right to do so if discovery reveals the basis for such a motion.

Defendant Experian may file a dispositive motion in this case depending on the information obtained during discovery. Experian proposes a deadline of February 3, 2020 for dispositive motions.

**m.**  **Settlement/Alternative Dispute Resolution**

The parties are engaged in early discussions of the facts in the case. The parties are further amenable to engaging in Panel Mediation near the close of discovery and are working to identify a mediator from the Court's list.

### o. Trial Estimate

The parties estimate a trial of 3-4 days. Plaintiff requests a jury trial.

### p. Trial Counsel

Plaintiff will be represented by Todd M. Friedman and Thomas E. Wheeler at trial. Defendant Experian will be represented by Bao Pham of Jones Day, 3161 Michelson Drive, Suite 800, Irvine, California 92612.

### q. Independent Expert or Master

The parties do not anticipate the need for appointment of an independent expert or master in this matter.

### R. Other Issues

The parties do not foresee any abnormal issues at this time.

Dated: May 21st, 2019					Respectfully submitted,

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By: s/ Todd M. Friedman
Todd M. Friedman, Esq.
Attorney for Plaintiff

**JONES DAY**

By:	/s/ *Bao Pham*
Bao Pham
Attorney for Defendant Experian

## **SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Electronic Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to each counsel for Defendants, and that I have obtained his or her authorization to affix his or her electronic signature to this document.

Dated: May 21st, 2019                              Respectfully submitted,

                                                     Law Offices of Todd M. Friedman, P.C.

                                                   By: s/ Todd M. Friedman
                                                        Todd M. Friedman, Esq.
                                                         Attorney for Plaintiff

## **PROOF OF SERVICE**

Filed electronically on this 21st Day of May, 2019, with:

United States District Court CM/ECF system.

Notification sent electronically on this 21st Day of May, 2019, to:

Honorable Ronald S.W. Lew
United States District Court
Central District of California

And All Counsel of Record as Recorded On The Electronic Service List

/s/ Todd M. Friedman, Esq.
TODD M. FRIEDMAN